**In re STRUM.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V94-36560.

Decided Jan. 18, 1996.

32

*Philip H. Sheridan, Jr.*, for the applicant.

*Betty D. Montgomery*, Attorney General, for the state.

LEACH, Judge.

This matter came on to be considered upon Gregory A. Strum's ("applicant") appeal from the July 28, 1995 order issued by the panel of commissioners. The panel's determination affirmed the decision of the single commissioner, who found that the applicant's claim was barred pursuant to R.C. 2743.60(E).

R.C. 2743.52 places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. It is the burden of the Attorney General to prove that an applicant should be excluded from consideration for an award of reparations consistent with R.C. 2743.60(E).

R.C. 2743.60(E) provides:

"Neither a single commissioner nor a panel of commissioners shall make an award to a claimant who is a victim, or who claims an award of reparations through a victim, who, within the ten years prior to the criminally injurious conduct that gave rise to the claim, was convicted of a felony or who is proved by a preponderance of the evidence presented to the commissioner or the panel to

have engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim, in conduct that, if proven by proof beyond a reasonable doubt, would constitute a felony under the laws of this state, another state, or the United States."

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

 A review of the file in this matter reveals that the applicant entered and successfully completed the Franklin County Prosecuting Attorney's Diversion Program after being charged with forgery, a felony, in April 1990. A part of that program required restitution in the amount of $1,455.58 to Radio Shack. Counsel for the applicant argues, but the file does not reveal, that the record regarding the applicant was sealed on September 9, 1995.

As has been held in numerous decisions, where the applicant has engaged in felonious conduct within ten years prior to the criminally injurious conduct that gave rise to the claim, the applicant should be denied an award of reparations pursuant to R.C. 2743.60(E).

Although the charges were dismissed and the record possibly sealed, the applicant has not produced any evidence to indicate that the original charge of forgery was in error. Further, as has been held in *State ex rel. Matz v. Brown* (1988), 37 Ohio St.3d 279, 525 N.E.2d 805, the conserving of governmental resources by the exclusion of those who were associated with crime through a conviction or therein shown to have committed felonies serves a legitimate purpose.

This court finds that the preponderance of the evidence presented reveals that the conduct of the applicant, within ten years prior to the criminally injurious conduct, if proven by proof beyond a reasonable doubt, would constitute a felony. Therefore, this court affirms the decision of the three-commissioner panel and hereby denies the applicant's claim.

Upon review of the evidence, the court finds the order of the panel of commissioners shall be affirmed and the applicant's appeal is DENIED.

IT IS HEREBY ORDERED THAT:

1. The order of July 28, 1995 is approved, affirmed and adopted;

2. This claim is DENIED and judgment entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*So ordered.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.