Although I agree with the opinion of this court in all other respects, I would find that the application of the Ohio Sexual Predator law's registration requirements upon Goode violates Article II, Section 28 of the Ohio Constitution because it constitutes a retroactive application of the law in a way that imposes upon Goode "new and additional burdens, duties, obligations or liabilities as to a past transaction."
In my view, the duty to register, in person, with the local sheriff at regular intervals is a new and additional burden arising out of Goode's past criminal transaction. Furthermore, I would distinguish State, ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279. In that case, the right to compensation as a victim of crime was statutorily withdrawn with respect to persons convicted of a felony within ten years prior to the criminally injurious conduct giving rise to the claim for compensation. The relator had been convicted of a felony before the amendment to the act withdrew the right of compensation for those persons having been convicted of a felony within ten years. However, the relator's right to compensation under the act had not vested, because he had not yet been the victim of criminally injurious conduct. At the date of the enactment of the amendment to the statute, the relator's right to compensation remained contingent upon the eventuality of his being injured, in the future, as a result of criminal conduct.
Surely, the General Assembly has the power to repeal the act providing for compensation for victims of crime at any time with respect to all persons who have not, as of the effective date of the repeal, been injured as a result of a criminal act. Because no one acquires vested rights under the act until an actual injury occurs, the General Assembly is free to withdraw the privilege of being compensated as a victim of crime that it has graciously seen fit to bestow upon the citizens of Ohio, perhaps because of budgetary pressures. Of course, if the General Assembly sees fit to withdraw that privilege with respect to a particular class of citizens, such as those persons who have committed felonies within ten years previous to their injury as a victim of crime, that may raise issues of equal protection under the law, but it does not, in my view, run afoul of the prohibition against retroactive legislation set forth in Article II, Section 28.
The concept of a right that has not yet vested — dispositive in Matz — has no application in the case before us. The right to be free of new and burdensome duties is not contingent until the happening of some future event; it is a presently-vested right that all Ohio citizens enjoy under Article II, Section 28. Matz
was concerned with reasonable expectations of finality, and found that a convicted felon could have no reasonable expectation of finality with respect to the felon's future contingent right to be compensated as a victim of crime. Although I recognize that the final paragraph of Matz could be interpreted as rejecting any reasonable expectation of finality on the part of a convicted felon, such an interpretation is well beyond the facts of that case. Would the Supreme Court have held that a crime victim who had prosecuted a claim under the act and was about to be awarded compensation on the day that the amendment became effective would be divested of his right to compensation because he had been convicted of a felony within the past ten years? I doubt it.
Any transaction can be made the subject of a felony, and many transactions have been. To say that a transaction, however despicable, that has been made the subject of a felony is outside the scope of Article II, Section 28, would create an unwarranted exception that, in my view, is not compelled by the facts and logic underlying Matz, supra.
I would sustain Goode's First Assignment of Error, and vacate that part of the trial court's judgment requiring him to comply with the registration requirements of the Sexual Predator law.
Copies mailed to:
James D. Bennett
Andrew R. Pratt
Hon. Robert J. Lindeman