THE STATE, EX REL. MATZ, *v.* BROWN, JUDGE, COURT OF CLAIMS OF OHIO, VICTIMS OF CRIME DIVISION.

[Cite as State, ex rel. Matz, *v.* Brown (1988), 37 Ohio St. 3d 279.]

(No. 86-521—Submitted April 5, 1988—Decided July 6, 1988.)

*Stephen J. Harrison,* for relator.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Thomas L. Rosenberg,* for respondent.

*Per Curiam.* The parties stipulate that relator has no plain and adequate remedy at law. We agree and therefore

proceed to examine the other criteria for granting a writ of mandamus— whether the relator has a clear right to the relief sought and whether respondent has a clear duty to provide that relief. *State, ex rel. O.M. Scott & Sons Co.,* v. *Indus. Comm.* (1986), 28 Ohio St. 3d 341, 28 OBR 406, 503 N.E. 2d 1032.

Relator argues that R.C. 2743.60 (E) is a bill of attainder prohibited by Section 10, Article I, United States Constitution, cruel and unusual punishment prohibited by Section 9, Article I, Ohio Constitution, a denial of equal protection of the laws under both Constitutions, and a retroactive law that violates Section 28, Article II, Ohio Constitution. We disagree and decline to issue the writ.

In *Nixon* v. *Admr. of General Services* (1977), 433 U.S. 425, the Supreme Court of the United States described a bill of attainder as a law that "legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Id.* at 468. The court also said that it applies a fundamental test to determine whether a law punishes, "* * * analyzing whether the law under challenge, viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes." *Id.* at 475-476.

Persons who have engaged in felonious conduct within ten years of eligibility for a victims of crime compensation award are not the only persons barred from an award under the law. In addition to R.C. 2743.60(A), which generally prohibits an award if a claim is not filed within one year of the occurrence of the conduct that caused the injury, R.C. 2743.60(B) generally prohibits awards to an offender who causes the injury, an accomplice, and the family of either, and R.C. 2743.60(G) prohibits awards to adult prisoners injured while in prison. This evinces a legislative intent not to punish, but to conserve scarce governmental resources by excluding from eligibility persons closely connected with crime. Thus, R.C. 2743.60(E) may reasonably be said also to further these nonpunitive purposes and is not a bill of attainder.

The same purpose answers relator's contention that R.C. 2743.60(E) imposes cruel and unusual punishment. In *Ingraham* v. *Wright* (1977), 430 U.S. 651, the court emphasized that cruel and unusual punishment must first be punishment, *id.* at 670, fn. 39, and that the Eighth Amendment's guarantee applies only to punishment for crimes, *id.* at 666-671. R.C. 2743.60(E) does not punish crime; it states an eligibility requirement. It is not, therefore, cruel and unusual punishment because it is not punishment.

Relator argues that R.C. 2743.60 (E) violates equal protection of the laws. Both parties agree that the statute does not create a suspect classification and, therefore, that the test to be applied is as stated by the Supreme Court of the United States in *Western & Southern Life Ins. Co.* v. *State Bd. of Equalization* (1981), 451 U.S. 648, 668:

"(1) Does the challenged legislation have a legitimate purpose? and (2) Was it reasonable for the lawmakers to believe that use of the challenged classification would promote that purpose?"

As previously stated, the rationale to conserve governmental resources by generally excluding persons associated with crime is apparent on the face of the law. Conserving scarce resources is a legitimate purpose, and excluding persons convicted or otherwise shown to have committed felonies promotes that purpose. Therefore, the classification made by the law is reasonable and

does not violate equal protection of the laws.

Relator's principal contention is that R.C. 2743.60(E) is a retroactive law prohibited by Section 28, Article II, Ohio Constitution, which states, in part:

"The General Assembly shall have no power to pass retroactive laws * * *."

In *In re McKinnon* (1984), 16 Ohio Misc. 2d 4, 16 OBR 438, 476 N.E. 2d 1101, Judge Ziegel of the Court of Claims applied retroactivity analysis to R.C. 2743.60(E) in a way that foreshadowed our decision in *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489. The court first found a legislative intent under R.C. 1.48 to have R.C. 2743.60(E) apply to claims pending on its effective date, and then found that such intent retroactively impaired a vested substantive right and created a new disability with respect to past transactions or considerations in violation of Section 28, Article II, Ohio Constitution. Relator asks us, in effect, to expand this decision to all felonious conduct committed within ten years before the effective date of the Act. He contends that the law attaches a new disability with respect to that conduct too.

The idea and language of a disability with respect to past transactions or considerations stem from the definition of retroactive law stated by Associate Justice Joseph Story, then sitting on the First Circuit Court of the United States in New Hampshire, in *Society for the Propagation of the Gospel* v. *Wheeler* (1814), 2 Gall. 105, 139:

"Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective * * *." (Approved in *Herrick* v. *Lindley* [1979], 59 Ohio St. 2d 22, 25, 13 O.O. 3d 13, 14-15, 391 N.E. 2d 729, 732. See, also, *Rairden* v. *Holden* [1864], 15 Ohio St. 207, 210, and *Chevalier* v. *Brown* [1985], 17 Ohio St. 3d 61, 63, 17 OBR 64, 66, 477 N.E. 2d 623, 626.)

Both parties cite this definition. Relator argues that his felony was a past transaction or consideration to which R.C. 2743.60(E) attaches a new disability. Respondent urges that relator has no vested interest in an award. Respondent misses the point: the Story definition involves *either* impairing of a vested right *or* creating a new disability with respect to past transactions or considerations. However, discounting respondent's argument does not enhance relator's.

In *Lakengren* v. *Kosydar* (1975), 44 Ohio St. 2d 199, 201, 73 O.O. 2d 502, 503, 339 N.E. 2d 814, 815, we held that the state could not retroactively apply amendments to the corporate franchise tax to a taxpayer whose tax year had ended:

" 'The General Assembly having the power to enact laws, and * * * having enacted laws within certain limitations, and persons having conformed their conduct and affairs to such state of the law, the General Assembly is prohibited, estopped, from passing new laws to reach back and create new burdens * * * not existing at the time.' " (Citing *Miller* v. *Hixon* [1901], 64 Ohio St. 39, 59 N.E. 749.)

From the foregoing it is clear that a later enactment will not burden or attach a new disability to a past transaction or consideration in the constitutional sense, unless the past transaction or consideration, if it did not create a vested right, created at least a reasonable expectation of finality. The completion of a tax year is such a transaction; the commission of a felony is not. Except with regard to constitu-

tional protections against *ex post facto* laws, no claim of which is made here, felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation.

There are important public policy reasons for so holding. For example, if relator's theory were to prevail no person convicted of abusing children could be prevented from school employment by a later law excluding such persons from that employment.

This principle was recently approved by the Supreme Court of New Hampshire, the state under whose laws the Story definition originated, and is still followed. The case, *Burrage* v. *New Hampshire Police Standards & Training Council* (1986), 127 N.H. 742, 506 A. 2d 342, involved an elected police chief who failed to comply with statutory training requirements imposed after the date of his election. The court held:

"The State argues that election to public office is not a past consideration or transaction, but merely a past occurrence creating neither a vested right nor a blanket prohibition against future training. *See Eastman* v. *Mc-Carten,* 70 N.H. 23, 24, 45 A. 1081, 1081 (1899). This argument is persuasive, especially in view of the effect of a contrary holding. Such a holding—that no new duty or obligation could be imposed by the General Court on elected police chiefs or officers without violating the State Constitution—would prevent the legislature from promoting further education and training for public officials." *Id.* at 746, 506 A. 2d at 345.

Therefore, for purposes of analysis under Section 28, Article II, Ohio Constitution, we hold that a law that attaches a new disability to a past transaction or consideration is not a prohibited retroactive law unless the past transaction or consideration created at least a reasonable expectation of finality. Past felonious conduct is not such a transaction or consideration. Accordingly, the writ is denied.

*Writ denied.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.