OPINION
In this consolidated appeal, defendant-appellant Eugene Bartleson appeals from the trial court order that found him to be a sexual predator pursuant to R.C. 2950.01. Although appellant challenges both the order and the law pursuant to which it was issued on several constitutional and procedural grounds, this court determines the trial court's order was appropriate; therefore, it is affirmed.
Appellant originally was indicted in two separate cases. In Case No. CR-197, 705, filed on February 20, 1985, appellant was indicted on seven counts of rape in violation of R.C. 2907.02. The offenses were alleged to have occurred over the period from January 1982 to August 1984 and involved three different victims, all of whom were girls under the age of five. [1]
After appellant entered a plea of not guilty to the foregoing charges, he was indicted in Case No. CR-199, 433 on two more counts, viz., rape, in violation of R.C. 2907.02, and gross sexual imposition, in violation of R.C. 2907.05. Both offenses were alleged to have occurred in October 1984 and involved a female victim "age 11."[2] Appellant also entered a not guilty plea to these charges.
The record reflects appellant subsequently was referred to the trial courts psychiatric clinic for an evaluation of both his competency to stand trial and his sanity at the time of the offenses. The record further reflects that appellant subsequently entered into a plea agreement with the state. In exchange for a guilty plea to count one of both indictments, amended to delete any reference to the age of the victims, the state would dismiss the remaining counts.
The trial court held a plea hearing pursuant to Crim.R. 11(C)(2). Thereafter, appellants pleas of guilty to the amended indictments were accepted. The trial court found appellant guilty of the charges and, on October 31, 1985, sentenced appellant in each case to concurrent terms of incarceration of ten to twenty years.
On February 21, 1997 the trial court ordered a hearing pursuant to Amended Substitute House Bill 180 ("H.B. 180") to determine whether appellant was a "sexual predator." Appellant appeared at the hearing, which occurred on two separate days, with appointed counsel. At the hearing, the state introduced several exhibits into evidence without appellants objection. Two of these exhibits were statements that detailed appellant's method of perpetrating the crimes for which he had been indicted. One indicated that appellant's acts had caused "scar tissue and abrasions of the vagina and rectum" of his step-daughter. The other indicated that appellant had threatened another young victim that if she reported his act, "Your mommy will send you away."
After accepting the evidence and hearing the arguments of counsel, the trial court determined appellant was a "sexual predator" pursuant to R.C. Chapter 2950. The trial court ordered that a DNA specimen be obtained from appellant and, further, that appellant comply with the registration and verification requirements of the applicable sections of the statute.
Appellant now appeals from the trial court's determination and order, presenting twelve assignments of error for this court's review.[3]
Appellant's first, second and fourth through tenth assignments of error state:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART[.] I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART[.] II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART I, SEC. 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I., SEC. 9, OF THE OHIO CONSTITUTION.
This court recently addressed and rejected identical challenges to the constitutionality of R.C. Chapter 2950 in State v. Ward
(Jan. 28, 1999), Cuyahoga Ap. No. 72371, unreported. Accordingly, appellant's first, second, and fourth through tenth assignments of error are summarily overruled.
Appellant's remaining assignments of error concern procedural matters. His third and twelfth are related and are set forth as follows:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 XII. THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO RULES OF EVIDENCE ARE INAPPLICABLE TO H.B. 180 PROCEEDINGS.
Appellant argues the trial court's determination that he is a "sexual predator" is inadequately supported by evidence in the record. Appellant further argues the trial court improperly applied Evid.R. 101(C)(3) to the hearing. With regard to the latter argument, the Ohio Supreme Court held in State v. Cook
(1998), 83 Ohio St.3d 404, at 425, that "a sexual predator determination hearing is similar to sentencing or probation hearings"; therefore, Evid.R. 101(C) applies. Consequently, appellant's twelfth assignment of error is meritless.
Similarly, the record does not support appellant's argument with respect to the other assignment of error. The transcripts of the hearing in this case demonstrate that on March 7, 1997 the trial judge reviewed the original indictments, noted the ages of the victims, which appellant admitted, ascertained appellant's age at the time the offenses were committed, and then permitted a continuation of the hearing in order for the parties to obtain more evidence.
On March 27, 1997 the state introduced into evidence, without objection from appellant, several exhibits that demonstrated that appellant had engaged in sexual acts on multiple occasions with young girls who were known to him, that he caused physical injuries to at least one of them, and that he made a cruel threat to one of them. R.C. 2950.09(B)(2). Notably, appellant's trial counsel never requested permission to present either additional or any mitigating evidence. Appellant's admissions, together with the evidentiary exhibits and the journal entries that showed appellant was not suffering from any mental disability at the time of the commission of the offenses, demonstrate the trial court was well within its prerogative to determine appellant is a sexual predator. R.C. 2950.01(E). State v. Cook, supra.
The transcripts of the hearing reveal the trial court considered the statutory factors prior to making its determination. As the court stated inState v. Cook, supra, at 426:
 Our review of the record persuades us that the defendant had a fair hearing, that he was ably represented by competent counsel, and that the court considered the criteria under R.C. 2950.09(B)(2), and fairly evaluated the defendant and his counsel's responses. Although the trial judge did not state that his findings were to a "clear and convincing standard, "we presume that the judge followed the law. State v. Martin
(1955), 164 Ohio St. 54, 59, 57 O.O. 84, 87, 128 N.E.2d 7, 12. The statute does not require the court to list the criteria, but only to "consider all relevant factors, including" the criteria in R.C. 2950.09(B)(2) in making his or her findings. We find here, from the evidence in the record, that the judge did so.
 * * * Therefore, the determination that defendant is a sexual predator is not against the manifest weight of the evidence.
The trial court's action in this case thus had a sufficient evidentiary basis. Accordingly, appellant's third assignment of error also is overruled.
However, in order to provide further guidance for the trial court in cases such as appellant's, this court notes the following admonition, set forth in State v. Ward, supra, at 11-12:
 We disagree with the state's argument that defendant stipulated to being a sexual predator. Defendant stipulated to the facts supporting his conviction on a sexually oriented offense, not that he was, in fact, a sexual predator. This is an important distinction, for if we accept the state's argument it would mean that any conviction for a sexually oriented offense would be irrebutable proof that an offender is a sexual predator.
This conclusion cannot hold, because the statute is not "one strike and you're out."
* * *
 * * * [S]imply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts,
that the offender is likely to engage in the future in one or more sexually oriented offenses." Had the legislature intended the result argued by the state, it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
(Emphasis added; citations omitted.)
The trial court does well, therefore, to consider as many factors as possible in a case such as appellant's in making its determination of the likelihood of the offender's recidivism. See, also,State v. Cook, supra, at 424-426. Especially in view of both the laws stated "paramount" purpose, vis., protectingchildren from those persons in our society who would prey upon them and the obviously limited availability of law enforcement resources for notification and monitoring, the procedures of Megan's Law provide the trial courts of Ohio with the opportunity to accurately identify those convicted pedophiles who pose the greatest risk to children. The statute is "narrowly tailored to comport with the respective danger and recidivism levels of the different classifications of sex offenders." 3rd., at 422. Therefore, the trial courts determination similarly should be precise. While in cases such as Cook there may be sufficient evidence in the trial transcripts, victim statements, and/or presentence reports relating to the factors listed in R.C.2950.09(B)(2), there will be cases where the use of expert testimony, whether such testimony is psychiatric, psychological or criminological, may be useful in supplementing the bare facts of a conviction. See, e.g., State v. Ward, supra; State v.Ferrell (Mar. 18, 1999), Cuyahoga App. No. 72732, unreported;State v. Patterson (Feb. 11, 1999), Cuyahoga App. No. 72448, unreported.
Appellant's eleventh assignment of error states:
 APPELLANT'S GUILTY PLEA IN THE CASE AT BAR WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED, IN VIOLATION OF CRIM.R. 11(C), WHERE APPELLANT WAS NOT INFORMED OF THE EFFECTS OF HIS PLEA.
Appellant argues he would not have pleaded guilty to the offenses if he had known the possible consequences included "a lifelong requirement that he register his whereabouts with law enforcement officials who are obligated to notify his neighbors and others that he was a "sexual predator." Appellant contends this causes his plea to be invalid.
Since, however, appellant neither filed a motion to withdraw his plea in the trial court nor appealed from any denial of such a motion, his argument may not be considered. State v. Kimble
(Feb. 4, 1998), Lorain App. No. 97CA006730, unreported.
Even if this court could do so, the following observations inCook, supra, at 412-413 render appellant's argument unpersuasive:
 [In State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, w]e held that "[e]xcept with regard to constitutional protections against ex post facto laws * * * felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." (Emphasis added.) Id., 37 Ohio St. 3d at 281-282, 525 N.E.2d at 808.
* * *
 As to the dissemination of information regarding the offender's status, a conviction has always been public record.
Therefore, appellant's eleventh assignment of error also is overruled.
The order of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE
[1] The record reflects the victims were appellant's stepdaughter and his two natural daughters.
[2] The record reflects the victim was a neighbor of appellant.
[3] Appellant's two underlying cases have been consolidated for purposes of his appeal.
LEO M. SPELLACY. P.J., and
MICHAEL J. COPRIGAN, J CONCUR.