OPINION
Appellant appeals from the trial courts order that found him to be a "sexual predator" pursuant to R.C. 2950.01. Although appellant challenges both the order and the law pursuant to which it was issued on several constitutional and procedural grounds, this court determines the trial courts order was appropriate; therefore, it is affirmed.
Appellant Victor Mullins was indicted on October 1, 1991 for three counts of rape, in violation of R.C. 2907.02, and three counts of gross sexual imposition, in violation of R.C. 2907.05. On April 13, 1992, appellant entered a plea of guilty to the three counts of rape. The remaining counts were nolled. Appellant was sentenced to a term of eight to twenty-five years.
On August 20, 1997, the trial court ordered that appellant be returned for a hearing pursuant to Amended Substitute House Bill 180 ("H.B. 180") in order for the court to determine whether appellant was a "sexual predator." At the hearing, the trial judge noted that appellant had pled guilty to the rape charges in return for the states request that the ages of the victims be deleted. The judge was then informed by the prosecutor that the victims were five, four, and two years old. No other evidence was presented by either appellant or appellee.
The court thereafter concluded that appellant was a "sexual predator" as defined by R.C. Chapter 2950. This appeal followed.
Appellants first, second, and fourth through tenth assignments of error state:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ARTICLE I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART I, SEC. 10
OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I., SEC. 9, OF THE OHIO CONSTITUTION.
This court recently addressed and rejected identical challenges to the constitutionality of R.C. Chapter 2950 in State v.Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellants first, second and fourth through tenth assignments of error are summarily overruled.
Appellants third assignment of error alleges:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
The record does not support appellants argument. The trial court. conducted a hearing on September 10, 1997. The court took note of the fact that there were three separate victims. R.C.2950.09(B)(2)(d). The victims were ages two, four, and five years old. R.C. 2950.09(B)(2)(c). Appellant was twenty-two years old at the time of the offenses. R.C. 2950.09(B)(2)(a). Additionally, according to the indictment, the offenses occurred from September 1990 to January 1991, thus demonstrating a pattern of abuse. R.C.2950.09(B)(2)(h). Notably, appellants trial counsel never requested permission to present either any additional or mitigating evidence. The record demonstrates the trial court was well within its prerogative to determine appellant is a sexual predator. R.C.2950.01(E) State v. Cook, supra.
The transcripts of the hearing reveal the trial court considered the statutory factors prior to making its determination. As the court stated in State v. Cook, supra, at 426:
 Our review of the record persuades us that the defendant had a fair hearing, that he was ably represented by competent counsel, and that the court considered the criteria under R.C. 2950.09(B)(2), and fairly evaluated the defendant and his counsels responses. Although the trial judge did not state that his findings were to a "clear and convincing standard," we presume that the judge followed the law. State v. Martin (1955), 164 Ohio St. 54, 59, 57 O.O. 84, 87, 128 N.E.2d 7, 12. The statute does not require the court to list the criteria, but only to "consider all relevant factors, including" the criteria in R.C. 2950.09(B)(2) in making his or her findings. We find here, from the evidence in the record, that the judge did so.
 * * * Therefore, the determination that defendant is a sexual predator is not against the manifest weight of the evidence.
The trial courts action in this case thus had a sufficient evidentiary basis. Accordingly, appellants third assignment of error also is overruled.
Even though there is sufficient evidence in the record to support the trial courts conclusion, this court notes that appellee, in its brief, states that "[t]he record in this case discloses that appellant pled guilty to having sexual relations with his own three children over a period of several years and swearing some or all of them to secrecy about this reprehensible conduct." However, the appellate record does not support appellees contention. If such evidence is indeed available, it should have been entered into the record since it is pertinent to several of the relevant factors enumerated in R.C. 2950.09(B)(2). Where such evidence is not in the trial transcript, the victim impact statement or the presentence investigation report, appellee could have provided the investigating detective as a witness at the hearing.
In order to provide further guidance for the trial court in cases such as appellants, this court notes the following admonition, set forth in State v. Ward, supra, at 11-12:
 We disagree with the states argument that defendant stipulated to being a sexual predator. Defendant stipulated to the facts supporting his conviction on a sexually oriented offense, not that he was, in fact, a sexual predator. This is an important distinction, for if we accept the states argument it would mean that any conviction for a sexually oriented offense would be irrebutable proof that an offender is a sexual predator. This conclusion cannot hold, because the statute is not "one strike and you're out."
* * *
 * * * [S]imply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is "likely to engage in the future in one or more sexually oriented offenses." Had the legislature intended the result argued by the state, it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
(Emphasis added; citations omitted.)
The trial court does well, therefore, to consider as many factors as possible in a case such as appellants in making its determination of the likelihood of the offenders recidivism. See, also, State v. Cook, supra, at 424-426. Especially in view of both the laws stated "paramount" purpose, viz., protecting children from those persons in our society who would prey upon them and the obviously limited availability of law enforcement resources for notification and monitoring, the procedures of Megans Law provide the trial courts of Ohio with the opportunity to accurately identify those convicted pedophiles who pose the greatest risk to children. The statute is "narrowly tailored to comport with the respective danger and recidivism levels of the different classifications of sex offenders." Id. at 422. Therefore, the trial courts determination similarly should be precise. While in cases such as Cook there may be sufficient evidence in the trial transcripts, victim statements, and/or presentence reports relating to the factors listed in R.C. 2950.09(B)(2), there will be cases where the use of expert testimony, whether such testimony is psychiatric, psychological or criminological, may be useful in supplementing the bare facts of a conviction. See, e.g., State v.Ward, supra; State v. Ferrell (Mar. 18, 1999), Cuyahoga App. No. 72732, unreported; State v. Patterson (Feb. 11, 1999), Cuyahoga App. No. 72448, unreported.
Appellants eleventh assignment of error states:
 APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED NO CONTEST TO OFFENSES PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUE PROCESS RIGHTS AND CRIM. R.11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
Appellant argues that he was not advised that a possible consequence of his guilty plea would be "a lifelong requirement that he register his whereabouts with law enforcement officials who are obligated to notify his neighbors and others that he was a "sexual predator.'" Appellant contends this causes his plea to be invalid.
Since, however, appellant neither filed a motion to withdraw his plea in the trial court nor appealed from any denial of such a motion, his argument may not be considered. State v. Kirable (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported.
Even if this court could do so, the following observations inCook, supra, at 412-413 render appellants argument unpersuasive:
 [In State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, w]e held that "[e]xcept with regard to constitutional protections against ex post facto laws * * * felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." (Emphasis added.) Id., 37 Ohio St. 3d at 281-282, 525 N.E.2d at 808.
* * *
 As to the dissemination of information regarding the offenders status, a conviction has always been public record.
Therefore, appellants eleventh assignment of error also is overruled.
Appellants twelfth assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
Appellant contends, pursuant to this courts decision in Statev. Hook (Dec. 18, 1997), Cuyahoga App. No. 72780, unreported, that the trial court improperly applied the provisions of R.C. 2950.04
since the statutes effective date was subsequent to his sentencing.
However, this courts decision in Hooks applies only to those cases where the offense was committed prior to January 1, 1997 but the offenders were sentenced during the period from January 1, 1997 to July 1, 1997. Thus, appellants argument is without merit.
Appellants appeal is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendants conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. POPTER, A.J. and
ANN DYKE, J. CONCUR
JUDGE KENNETH A. ROCCO