OPINION
Appellant appeals the trial courts determination that he is a "sexual predator" pursuant to R.C. 2950.01. Although appellant challenges both the order and the law pursuant to which it was issued on several constitutional and procedural grounds, this court determines the trial court's order was appropriate; therefore, it is affirmed.
On May 22, 1992, appellant Emiliano Torres was indicted in Case No. CR-281184 on eight counts of rape, in violation of R.C.2907.02, and one count of attempted rape, in violation of R.C.2907.02/2923.02. Appellant subsequently pled guilty to one count of attempted rape; the remaining counts were nolled. On October 20, 1992, appellant was sentenced to a term of eight to twenty-five years incarceration.
On May 16, 1997, the trial court commenced a hearing pursuant to R.C. 2950.09(B)(1) to determine whether appellant was a "sexual predator." In 1996, the General Assembly provided a rewritten R.C. Chapter 2950 as part of Amended Substitute House Bill 180 ("H.B. 180"). The classification provision, R.C.2950.09, became effective January 1, 1997; other provisions, such as the registration and notification requirements, became effective July 1, 1997.
At the hearing, the state, after admitting that its knowledge of the case was "somewhat limited," recalled that "young victims" had been interviewed at the time of appellant's crime. The state agreed to accept appellant's plea "because of the young age of the children, and also due to the fact that they had a difficult time describing or able to articulate exactly what occurred * * *."
The court noted that pursuant to Evid.R. 101(C)(3). the proceedings would not be held to the same strict rules of evidence. The court then commented that appellant "was involved in performing oral sex on his own son, age five. This happened at least three times. He also performed anal sex on his other son [age four] at least once." The court thereby adjudicated appellant as a "sexual predator" pursuant to R.C. 2950.09(B) and ordered appellant to submit a DNA sample and address registration and verification every ninety days for life and annually after any termination of appellant's status as a "sexual predator."
Appellant appealed the trial court's determination.
Appellant's first, second, and fourth through tenth assignments of error state:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ARTICLE I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," "AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART I, SEC. 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180. AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I., SEC. 9, OF THE OHIO CONSTITUTION.
This court recently addressed and rejected identical challenges to the constitutionality of R.C. Chapter 2950 in State v. Ward
(Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellant's first, second and fourth through tenth assignments of error are summarily overruled.
Appellant's third and eleventh assignments of error are related and are set forth as follows:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 XI. THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO RULES OF EVIDENCE ARE INAPPLICABLE TO H.B. 180 PROCEEDINGS.
Appellant contends that the trial court's conclusion that he is a sexual predator is not supported by evidence in the record. Appellant also argues the trial court improperly applied Evid.R. 101(C)(3) to the hearing. Evid.R. 101(C)(3) provides an exception to the applicability of the evidence rules pertaining to miscellaneous criminal proceedings. The Ohio Supreme Court held in Cook, supra, at 425 that "a sexual predator determination hearing is similar to sentencing or probation hearings" [;] therefore, Evid.R. 101(C) applies. Based on the foregoing, appellant's eleventh assignment of error is meritless.
Similarly, the record does not support appellant's argument with respect to the other assignment of error. The transcripts of the hearing in this case demonstrate that on May 16, 1997, the trial judge conducted a hearing wherein he reviewed appellants entire file. He noted that appellant was twenty-nine years of age. Additionally, the judge stated:
 According to my information, the defendant was involved in performing oral sex on his own son, age five. This happened at least three times. He also performed anal sex on his other son at least once. And then in addition, he had another son that he performed oral sex and anal sex on.
Notably, appellant's trial counsel never requested permission to present either additional or any mitigating evidence.
Applying the enumerated factors in R.C. 2950.09(B)(2), the trial court's determination was supported by the record. At the time of the offense, appellant was twenty-four years old. R.C.2950.09(B)(2)(a). The victims were ages four and five years old. R.C. 2950.09(B)(2)(c). Appellant's acts involved multiple victims. R.C. 2950.09(B)(2)(d). The nature of appellant's conduct demonstrates a pattern of abuse since it involved multiple incidents. R.C. 2950.09(B)(2)(h).
Finally, R.C. 2950.09(B)(2)(j) contemplates "[a]ny additional behavioral characteristics that contribute to the offenders conduct." In this case, appellant was the victims' father; thus, the victims were unable to resist and totally unable to defend themselves. Moreover, having sexual relations with one's own children violates the most fundamental of society's taboos. This factor, besides qualifying as a relevant factor under R.C.2950.09(B)(2)(j), also provides a compelling circumstance in support of the trial court's conclusion.
The evidence submitted demonstrates that the trial court was well within its prerogatives to determine appellant is a sexual predator. R.C. 2950.01(E). State v. Cook, supra.
The transcripts of the hearing reveal the trial court considered the statutory factors prior to making its determination. As the court stated inState v. Cook, supra, at 426:
 Our review of the record persuades us that the defendant had a fair hearing, that he was ably represented by competent counsel, and that the court considered the criteria under R.C. 2950.09(B)(2), and fairly evaluated the defendant and his counsel's responses. Although the trial judge did not state that his findings were to a "clear and convincing standard, "we presume that the judge followed the law. State v. Martin
(1955), 164 Ohio St. 54, 59, 57 O.O. 84, 87, 128 N.E.2d 7, 12. The statute does not require the court to list the criteria, but only to "consider all relevant factors, including" the criteria in R.C. 2950.09(B)(2) in making his or her findings. We find here, from the evidence in the record, that the judge did so.
 * * * Therefore, the determination that defendant is a sexual predator is not against the manifest weight of the evidence.
The trial court's action in this case thus had a sufficient evidentiary basis. Accordingly, appellant's third assignment of error also is overruled.
However, in order to provide further guidance for the trial court in cases such as appellant's, this court notes the following admonition, set forth in State v. Ward, supra, at 11-12:
 We disagree with the state's argument that defendant stipulated to being a sexual predator. Defendant stipulated to the facts supporting his conviction on a sexually oriented offense, not that he was, in fact, a sexual predator. This is an important distinction, for if we accept the state's argument it would mean that any conviction for a sexually oriented offense would be irrebutable proof that an offender is a sexual predator.
This conclusion cannot hold, because the statute is not "one strike and you're out."
* * *
 * * * [S]imply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts,
that the offender is "likely to engage in the future in one or more sexually oriented offenses." Had the legislature intended the result argued by the state, it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
(Emphasis added; citations omitted.)
The trial court does well, therefore, to consider as many factors as possible in a case such as appellant's in making its determination of the likelihood of the offender's recidivism. See, also,State v. Cook, supra, at 424-426. Especially in view of both the laws stated "paramount" purpose, vis., protectingchildren from those persons in our society who would prey upon them and the obviously limited availability of law enforcement resources for notification and monitoring, the procedures of Megan's Law provide the trial court's of Ohio with the opportunity to accurately identify those convicted pedophiles who pose the greatest risk to children. The statute is "narrowly tailored to comport with the respective danger and recidivism levels of the different classifications of sex offenders." Id. at 422. Therefore, the trial court's determination similarly should be precise. While in cases such as Cook there may be sufficient evidence in the trial transcripts, victim statements, and/or presentence reports relating to the factors listed in R.C.2950.09(B)(2), there will be cases where the use of expert testimony, whether such testimony is psychiatric, psychological or criminological, may be useful in supplementing the bare facts of a conviction. See, e.g., State v. Ward, supra; State v.Ferrell (Mar. 18, 1999), Cuyahoga App. No. 72732, unreported;State v. Patterson (Feb. 11. 1999), Cuyahoga App. No. 72448, unreported.
Appellant's final assignment of error states:
 XII. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO AN OFFENSE PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
Finally, appellant argues that he was not advised that a possible consequence of his guilty plea would be "a lifelong requirement that he register his whereabouts with law enforcement officials who are obligated to notify his neighbors and others that he was a `sexual predator.'" Appellant contends this causes his plea to be invalid.
Since, however, appellant neither filed a motion to withdraw his plea in the trial court nor appealed from any denial of such a motion, his argument may not be considered. State v. Kimble
(Feb. 4, 1998), Lorain App. No. 97CA006730, unreported.
Even if this court could do so, the following observations inCook, supra, at 412-413 render appellants argument unpersuasive:
 [In State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, w]e held that "[e]xcept with regard to constitutional protections against ex post facto laws * * * felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." (Emphasis added.) Id., 37 Ohio St. 3d at 281-282, 525 N.E.2d at 808.
* * *
 As to the dissemination of information regarding the offender's status, a conviction has always been public record.
Therefore, appellant's twelfth assignment of error also is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE.
DIANE KARPINSKI, P.J., and ANNE L. KILBANE, J. CONCUR.