Defendant Frederick Lilly appeals from the trial court's determination that he is a sexual predator. For the reasons set forth below, we affirm.
On February 27, 1980, defendant and co-defendant Dwayne Askew were indicted for kidnapping, seven counts of rape, felonious sexual penetration and aggravated robbery. Defendant eventually pleaded guilty to the aggravated robbery charge and one count of rape and was sentenced to two consecutive terms of seven to twenty-five years incarceration.
While defendant remained incarcerated at the Ohio State Reformatory in Mansfield, the matter was referred to the trial court for a hearing to determine whether defendant is a sexual predator. Through counsel, defendant sought to dismiss the proceedings and charged that R.C. 2950.01 et seq. is unconstitutional. Defendant, through counsel, also requested a psychiatric examination at state expense. The trial court granted the motion for psychiatric examination and defendant was interviewed by Dr. Stephen Noffsinger who prepared a report for the court.
At the subsequent sexual predator hearing, the trial court considered then rejected each of defendant's constitutional challenges. The court's journal entries further indicate that the state and the defense stipulated to the report from the court psychiatric unit and that the court accepted the report. In determining that defendant is a sexual predator, the court observed that Dr. Noffsinger listed four risk factors which "represented a poor prognosis if Mr. Lilly is released into the general population." The trial court then determined that defendant is a sexual predator. Defendant now appeals and assigns eleven errors for our review.
Defendant's first assignment of error states:
 THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUB PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF O.R.C. 2950.01 ET AL. WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
Within this assignment of error, defendant asserts that the trial court erred in considering defendant's future behavior in relation to past conviction data which was never elicited at trial or subject to cross-examination. Defendant also complains that the trial court's determination that he is a sexual predator is contrary to the report of Dr. Noffsinger, but defendant acknowledges that this report "was not made part of the proceedings below and is thus, not a part of the record." Appellant's Brief at 1, fn.1. In light of the fact that defendant and the state stipulated to the report and the court accepted the report and quoted from it at length before determining that defendant is a sexual predator, we have reviewed the report in its entirety.
Preliminarily, we note that in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, ___ Ohio App.3d ___, this court held that R.C. 2950.09 comports with procedural due process because it protects the offender's right to a hearing, with notice and opportunity to be heard.
As to the form of the hearing, the Supreme Court in State v.Cook (1998), 83 Ohio St.3d 404, 425, held that pursuant to Evid.R. 101(C), various proceedings, including proceedings for sentencing are excepted from application of the rules of evidence, including the hearsay rule. "[R]eliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Id.; State v. Ward, supra. Moreover, in State v.Hargis (Feb. 11, 1999), Cuyahoga App. No. 72540, unreported, this court stated:
 The offender has the opportunity to present his own evidence and counter any erroneous information in the pre-sentence report. See State v. Lance (Feb. 13, 1998), Hamilton App. No. C-970282, 970283, 970301, unreported. Appellant chose not to present evidence in this case. Appellant's right to confront witnesses was not violated.
Id.
In accordance with the foregoing, we are unable to conclude that the trial court erred in considering hearsay regarding defendant's prior convictions. Further, defendant had the opportunity to fully argue that Dr. Noffsinger could offer no opinion as to whether defendant was likely to engage in sexual offenses in the future and could have compelled him to testify but chose not to do so. Instead, defendant and the state stipulated to the report and the court considered it in its entirety. This report lists three factors tending to show a good prognosis but, as the court stated, also identified four factors which continue to present a "poor prognosis" and indicate a risk that defendant will commit another sexual offense in the future, including that defendant has a history of substance abuse, substance abuse has a disinhibiting effect which would make him more likely to re-offend, defendant has a history of sociopathy, lack of empathy, and difficulty handling anger. In accordance with the forgoing, this assignment of error is without merit.
Defendant's second assignment of error states:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Next, defendant maintains that because the state must prove by clear and convincing evidence that an offender is "likely to" commit an offense in the future in order to prove that the offender is a sexual predator, R.C. 2950.01(E); R.C.2950.09(B)(3), it is insufficient as a matter of law to simply present "old conviction data."
A previous conviction for a sexually oriented offense does notipso facto provide a basis for a sexual predator adjudication. See State v. Hicks (June 26, 1998), Hamilton App. No. C-970533, unreported; State v. Neblett (Aug. 21, 1998), Hamilton App. No. C-970541, unreported. The definition of sexual predator as set forth in R.C. 2950.01(E) and the factors to be considered by the court in R.C. 2950.09(B)(2), require the court to consider an offender's propensity to engage in sexually oriented behavior in the future. The state is required to establish an offender's future propensity by clear and convincing evidence. R.C.2950.09(B)(3). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 477.
R.C. 2950.09 sets forth an extremely detailed, non-exhaustive list of factors which the legislature deemed "relevant" to the sexual predator determination hearing. Significantly, this statute requires the judge to consider, inter alia, the nature of the conduct, whether it is part of a pattern of abuse, whether it involved cruelty, and any other additional behavior characteristics which contributed to the offender's conduct. See R.C. 2950.09(B)(2). In formulating these factors, the legislature determined that "[s]exual predators and habitual sex offenders pose a high risk of engaging in further offenses * * *." R.C.2950.02.
The statute, with its factors for evaluating an offense, enjoys a presumption of constitutionality. State ex rel. Dickman v.Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus. Moreover, the statutory factors provide a thorough framework of analysis of the offense and we are unable to conclude that adherence to this framework is insufficient as a matter of law to permit the state to prove by clear and convincing evidence that an offender is a sexual predator.
In this instance, as we have noted previously, the report of Dr. Noffsinger identified three factors which indicate a good prognosis but also identified four risk factors which "represented a poor prognosis if Mr. Lilly is released into the general population." These factors are that defendant has a history of substance abuse, substance abuse has a disinhibiting effect which would make him more likely to re-offend, defendant has a history of sociopathy, lack of empathy, and difficulty handling anger. This report also indicates that in 1998, defendant's MMPI results revealed a profile often associated with chronic and intense anger and inappropriate expression of negative feelings. Apart from the report, no other evidence was presented. From the foregoing, we are unable to conclude that the trial court's determination that defendant is a sexual predator was unsupported by clear and convincing evidence. The assignment of error is without merit.
Defendant's third assignment of error states:
 O.R.C. 2950.01 ET SEQ., AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. IT, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
Within this assignment of error, defendant complains that because the sexual predator proceedings apply to conduct which occurred before the changes in R.C. Chapter 2950 became effective, such proceedings are unconstitutional ex post facto
law and retroactive legislation.
These claims were rejected in State v. Cook, supra, at 410-414, and State v. Ward, supra.
We therefore overrule this assignment of error.
Defendant's fourth assignment of error states:
 APPLICATION OF O.R.C. 2950.01 ET SEQ. IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
Defendant next asserts that R.C. 2950.09 violates the constitutional mandate of equal protection since it applies to the class of prior offenders who are still serving their sentences as of July 1, 1997, but does not apply to prior offenders who have completed their sentences as of this date.
In State v. Ward, supra, this court held that the registration and notification provisions of R.C. Chapter 2950 "do not implicate fundamental rights in a manner that would subject the sexual predator law to strict scrutiny." This court further observed that in order to withstand an equal protection challenge, the subject classification must have reasonable grounds. In finding such reasonable grounds present, the Ward
court stated:
 The General Assembly, having invoked the general welfare of the citizenry and faced with a potential multitude of sexual offenders currently imprisoned or released from imprisonment, could rationally conclude that separating current inmates from released offenders would facilitate the logistical task of identifying and forwarding to the court offenders who might qualify as sexual predators.
See, also, State v. Jameson (April 22, 1998), Lorain App. No. 97CA006704, unreported; and State v. Hargis (Feb. 11, 1999), Cuyahoga App. No. 72540, unreported.
In accordance with the foregoing, this assignment of error is without merit.
Defendant's fifth assignment of error states:
 APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S O.R.C. 2950.09 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Within this assignment of error, defendant complains that R.C.2950.09 impermissibly provides that those who are charged with a sexually violent predator specification on or after January 1, 1997 are entitled to have the specification proven beyond a reasonable doubt whereas those who are not so charged may be determined to be sexual predators by application of a "clear and convincing" evidence standard.
As an initial matter, it must be emphasized that a sexual predator adjudication is a civil proceeding that is unlike the criminal proceeding in which one may be charged with a sexually violent predator specification. See State v. Ward, supra; Statev. Gropp (April 8, 1998), Lorain App. No. 97CA006744, unreported.
Further, in State v. Hargis, supra, this court rejected an equal protection challenge based upon the differing levels of proof and noted a rational basis for this distinction in proof. The court stated:
 The sexually violent predator specification subjects the defendant to more severe punishment, as well as automatic classification as a sexual predator. See R.C. 2971.03, 2950.09(A). Thus, there is a rational basis for requiring proof beyond a reasonable doubt that a defendant is a sexually violent predator, and requiring clear and convincing evidence that the defendant is a sexual predator.
Accord State v. Ward, supra, ("two separate classes of offenders exist, so there is a rational basis to distinguish between them")
By application of the foregoing, this assignment of error is without merit.
Defendant's sixth assignment of error states:
 O.R.C. 2950.01 ET SEQ. IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
Within this assignment of error, defendant complains that because R.C. 2950.01 defines a sexual predator as an offender who is "likely" to commit an offense in the future, and because a clear and convincing standard is employed to assess probability, "[i]n essence, H.B. 180 absurdly asks a court to determine if it is highly probable that a mere probability exists that a future sex offense will occur."
Again, we note that this contention was raised and rejected inState v. Ward, supra. Vagueness challenges have also been rejected in State v. Jameson, supra; State v. Chappell (Feb. 24, 1998), Franklin App. No. 97APA04-543, unreported; State v. Lance
(Feb. 13, 1998), Hamilton App. No. C-970283, unreported.
In accordance with the foregoing, we reject the vagueness challenge herein.
Defendant's seventh assignment of error states:
 H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER UNDER ARTICLE I, SECTION 9, OF THE UNITED STATES CONSTITUTION, THEREBY VIOLATING THE APPELLANT'S RIGHTS.
Defendant next complains that the sexual predator proceedings are in effect an unconstitutional bill of attainder which inflicts punishment without a trial.
The Bill of Attainder Clause prohibits:
 ". . . legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial." (Emphasis added.)
United States v. Brown (1965), 381 U.S. 437, 448-49,85 S.Ct. 1707, 1715, 14 L.Ed.2d 484.
In State v. Ward, supra, this court rejected the contention that the sexual predator proceedings constitute a bill of attainder and stated as follows:
 The provisions of R.C. Chapter 2950 are remedial, not punitive, in nature * * * [and] the absence of any punitive element in R.C. Chapter 2950 necessarily precludes the statute from being an unconstitutional bill of attainder.
Accord State v. Goode (March 27, 1998), Miami App. No. 97-CA-14, unreported.
By application of the foregoing, this assignment of error is overruled.
Defendant's eighth assignment of error states:
 O.R.C. 2950.01 ET SEQ., AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10 OF THE OHIO CONSTITUTION.
Defendant next complains that the sexual predator proceedings again place him in jeopardy for the same conduct which was the subject of the original indictment.
The double jeopardy clause is not implicated unless the additional sanction is "punishment." See Kansas v. Hendricks
(1997), 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501.
As noted previously, the supreme court in State v. Cook, supra, determined that the sexual predator proceedings "serves the solely remedial purpose of protecting the public." Id., 423. Accordingly, we believe that the double jeopardy clause is not implicated and we reject this contention. Accord State v. Ward,supra; State v. Nuckles (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported; State v. Boeddeker (Feb. 13, 1998), Hamilton App. No. C-970471, unreported; State v. Lance, supra; State v. Hargis,supra.
The eighth assignment of error is without merit.
Defendant's ninth assignment of error states:
 THE PUBLIC NOTIFICATION PROVISIONS OF O.R.C. 2950.01 ET SEQ., AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
Defendant next asserts that the notification provisions of R.C. Chapter 2950 violate an offender's constitutional right to privacy.
The right of privacy is not a fundamental right other than in the context of sexual, marital and reproductive matters. Albrightv. Oliver (1994), 510 U.S. 266, 271-272. To the extent that privacy interests exist in other contexts, courts must balance the individual's privacy interests against the public's need for information, considering the extent of exposure of the private information. See Whalen v. Roe (1977), 429 U.S. 589, 599. InState v. Cook, supra, the court stated:
As to the dissemination of information, regarding the offender's status, a conviction has always been public record. The General Assembly struck a balance between the privacy expectations of the offender and the paramount governmental interest in protecting members of the public from sex offenders.
Moreover, in State v. Ward, supra, this court stated:
 Notification requirements for criminal offenders do not violate any fundamental right to privacy. In State v. Jones (1990), 49 Ohio St.3d 51, 53-54, the Supreme Court held that a person, by reason of a conviction, enjoys a reduced expectation of privacy; therefore substantive due process claims about the release of information concerning prior convictions have been routinely rejected.
In accordance with the foregoing, we are unable to conclude that the public notification provisions are unconstitutional. This assignment of error is therefore overruled. Accord State v.Gropp, supra; State v. Lance, supra.
Defendant's tenth assignment of error states:
 O.R.C. 2950 ET SEQ., WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9 OF THE OHIO CONSTITUTION.
Defendant maintains that the registration and notification provisions constitute cruel and unusual punishment.
The registration and notification provisions of the legislation do not constitute punishment. State ex rel. Matz v. Brown (1988),37 Ohio St.3d 279, 281. See, also, State v. Cook, supra. The prohibition against cruel and unusual punishment is therefore not implicated. State v. Nuckles, supra; State v. Gropp, supra. Accordingly, this assignment of error is without merit.
Defendant's eleventh assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF O.R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
Within this assignment of error, defendant complains that he was erroneously ordered to comply with the registration requirements of R.C. 2950.09 because he was convicted of the offenses which underlie his sexual predator classification in December 1993, and the registration requirements became effective in 1997.
In State v. Bellman (Feb. 20, 1998), Hamilton App. No. C-970169, unreported, the court held that R.C. 2950.04(A) imposes the duty to register upon three categories of offenders convicted of a sexually oriented offense: "(1) offenders who are released from incarceration after July 1, 1997; (2) offenders who are sentenced after July 1, 1997; and (3) offenders who have been classified as habitual sex offenders immediately prior to July 1, 1997." Accord State v. Cook, supra, at 410; State v. Moore
(February 19, 1998), Cuyahoga App. No. 71995, unreported; Statev. Russell (April 3, 1998), Hamilton App. No. C-970275, unreported.
In this instance, the record reflects that in 1980, defendant was sentenced to two consecutive terms of imprisonment of seven to twenty-five years. The record also reflects that while defendant was still incarcerated, the Ohio Department of Rehabilitation and Correction initiated a sexual predator screening in this matter. It is therefore clear that defendant is scheduled for release from prison after July 1, 1997, the effective date of the registration requirements and these requirements are therefore applicable to him. This assignment of error is accordingly without merit.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CORRIGAN, J., CONCURS SWEENEY, J., DISSENTS (SEE ATTACHEDDISSENTING OPINION)
 _____________________________ ANN DYKE PRESIDING JUDGE