OPINION
Defendant-appellant Tony Ferrell appeals from the trial court order that found him to be a sexual predator pursuant to R.C.2950.09 (A). Appellant challenges the order on several constitutional grounds and also on procedural grounds. Although this court rejects appellants constitutional arguments, his argument that the trial courts order is inadequately supported by evidence in the record has merit. Therefore, the judgment is affirmed in part and reversed in part.
Appellant originally was indicted on November 1, 1990 on two counts as follows: Rape, R. C. 2907.02, and Kidnapping, R.C.2905.01. The offenses were alleged to have occurred on September 12, 1990, and both involved one victim, viz., "Lachone Scott." The victims age was not listed on the indictment.
Appellant entered a plea of not guilty to the charges and was assigned counsel to represent him. Following some discovery, on March 6, 1991, appellant entered into a plea agreement with the state whereby the state dismissed count two of the indictment in exchange for appellants plea of guilty to count one, amended to include the attempt statute, R.C. 2923.02.
The trial court held a plea hearing pursuant to Crim.R. 11(C)(2). Thereafter, appellant's plea to the amended charge was accepted. The trial court immediately sentenced appellant to a term of incarceration of three to fifteen years.
On April 14, 1997, the trial court ordered a hearing pursuant to Amended Substitute House Bill 180 ("H.B. 180") to determine whether appellant was a "sexual predator." Appellant appeared at the hearing, which was conducted on May 21, 1997, with assigned counsel.
At the hearing, over appellants objection, the prosecutor read into the record portions of Lachone Scott's original statement to the police regarding the incident that led to appellants conviction. Thereafter, the trial court rejected appellants constitutional challenges to the proceeding and announced, in pertinent part, that "the Court finds that the defendant is classified as a sexual predator pursuant to R.C. 2950.09 (A)." The trial court's journal entry is to the same effect, stating, "The defendant is automatically classified as a sexual predator pursuant to R.C. 2950.09 (A)." (Emphasis added.)
Appellant now appeals from the trial courts determination and order, presenting eleven assignments of error for this courts review. Appellant's first, second, and fourth through tenth assignments of error are addressed together as follows:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOIATES ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 19 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
The above arguments have been addressed and rejected by this court in State of Ohio v. Ward (Jan. 18, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellants first, second, and fourth through tenth assignments of error are overruled.
Appellant's third assignment of error follows:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Appellant asserts that the evidence presented by the prosecutor was inadequate to establish that he is a sexual predator.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant's conviction for attempted rape qualifies as a "sexually oriented offense" pursuant to R.C. 2950.01(D); however, the second prong of the definition also must be satisfied by clear and convincing evidence. R.C.2950.09(B)(3).
In making a determination as to whether an offender is a sexual predator, therefore, the trial judge must consider all relevant factors, including, but not limited to, the factors listed in R.C. 2950.09(B)(2)
(a) The offenders age;
(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
(h) The nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offenders conduct.
R.C. 2950.09(B)(2) does not require that each factor be met; rather, it simply requires the trial court consider those factors that are relevant. See, e.g., State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported.
The standard of "clear and convincing evidence" is the measure or degree of proof that is more than a mere "preponderance of the evidence" but not to the extent of such certainty as is required "beyond a reasonable doubt" in most criminal cases. State v.Schiebel (1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof that produces in the mind of the trier of facts a firm belief or conviction as to the fact sought to be established. Id. In reviewing a trial courts decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
In this case, although the trial court was presented with evidence to support the first prong of R.C. 2950.01(E)s definition of sexual predator, it was provided with nothing beyond the facts of appellants conviction to satisfy the second prong. The facts themselves were inadequate.
At the time the offense was committed, appellant was inebriated. He chose a single, eighteen-year-old victim, whom he snatched and assaulted in an elevator, then fled. The trial court was informed appellants "two other convictions" were unrelated to sexual offenses. Moreover, when addressing the trial court during the hearing, appellant indicated he had been receiving counseling for the problems that had precipitated the incident.
The trial court, however, not only failed to give consideration to appellants statements, it failed completely to indicate the reasoning behind its decision to find appellant was a "sexual predator." This is made manifest by its declaration that appellant was to be "automatically classified" pursuant to R.C. 2950.09 (A), a section clearly inapplicable to appellant.
Under these circumstances, no clear and convincing evidence was presented to prove appellant "is likely to engage in the future in one or more sexually oriented offenses," as required by R.C.2950.01(E) and R.C. 2950.09 (C). State v. Hall (Feb. 11, 1999), Cuyahoga App. No. 72455, unreported. Therefore, appellant's third assignment of error is sustained.
In order to provide further guidance for the trial court in cases such as appellant's, this court notes the following admonition, set forth in State v. Ward, supra, authored by John T. Patton, the senior judge of the Eighth District Court of Appeals, at 11-12:
 We disagree with the states argument that defendant stipulated to being a sexual predator. Defendant stipulated to the facts supporting his conviction on a sexually oriented offense, not that he was, in fact, a sexual predator. This is an important distinction, for if we accept the states argument it would mean that any conviction for a sexually on ented offense would be irrebutable proof that an offender is a sexual predator. This conclusion cannot hold, because the statute is not "one strike and you're out."
 * * * * * * [S] imply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is "likely to engage in the future in one or more sexually oriented offenses." Had the legislature intended the result argued by the state, it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
(Emphasis added; citations omitted.)
The trial court does well, therefore, to consider as many factors as possible in a case such as appellants in making its determination of the likelihood of the offenders recidivism. See, also, State v. Cook, supra, at 424-426. Especially in view of both the laws stated "paramount" purpose, viz., protecting children from those persons in our society who would prey upon them and the obviously limited availability of law enforcement resources for notification and monitoring, the procedures of "Megan's law" provide the trial courts of Ohio with the opportunity to accurately identify those convicted pedophiles who pose the greatest risk to children. The statute is "narrowly tailored to comport with the respective danger and recidivism levels of the different classifications of sex offenders." Id., at 422. Therefore, the trial courts determination similarly should be precise.
While in cases such as Cook there may be sufficient evidence in the trial transcripts, victim statements, and/or pre-sentence reports that either relate to the factors listed in R.C.2950.09(B)(2) or are probative of the second prong of the statutory definition, there will be other cases where the use of expert testimony, whether such testimony is psychiatric, psychologic, or criminologic, may be useful in supplementing the bare facts of a conviction. See, e.g., State v. Ward, supra; State v. Patterson
(Feb. 11, 1999), Cuyahoga App. No. 72448, unreported.
In a model sexual predator determination hearing, the prosecutor and defense counsel would take care to identify on the record those portions of the trial transcript, victim impact statements, pre-sentence report and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the second prong of R.C. 2950.01(E). Either side might present expert opinion by testimony or written report to assist the trial court in its determination when there is little information beyond the fact of the conviction itself. The trial court not only would then consider on the record the statutory factors themselves, but in addition would discuss in some detail the particular evidence and factors upon which it relies in making its determination. Finally, it would include evidentiary materials in the record for purposes of any potential appeal.
In this case, there is little pertinent information on the record beyond the fact of appellant's conviction itself; therefore, it is likely the use of expert testimony would have assisted the trial court in making an accurate finding as to appellants status.
Without such accuracy in the sexual predator determinations made by trial courts, society and its limited law enforcement resources risk being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law. This result could be tragic for many.
For these reasons, in this court's view the following language in Ward must be emphasized:
 It is important to keep in mind that R.C. 2950.09 does not place limits on the factors a court may consider, but simply directs the court to consider "all relevant factors." Relevant information can come from many sources. In Cook, the Supreme Court stated, "reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Cook, 83 Ohio St.3d at 425. R.C. 2950.09(B)(1) permits either side to call witnesses and expert witnesses, and we see no reason, absent privilege or any other legal restraint on testimony, to limit who might testify on matters of fact and, assuming relevance, to what that testimony may entail.
(Emphasis added; citations omitted.)
Appellant's eleventh assignment of error states:
 APPELLANT'S GUILTY PLEA IN THE CASE AT BAR WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED, IN VIOLATION OF CRIM.R. 11 (C), WHERE APPELLANT WAS NOT INFORMED OF THE EFFECTS OF HIS PLEA.
Appellant argues he would not have pleaded guilty to the offense if he had known the possible consequences included a lifelong requirement that he register his whereabouts with law enforcement officials who are obligated to notify his neighbors and others that he is a sexual predator. Appellant contends this causes his plea to be invalid.
Since, however, appellant neither filed a motion to withdraw his plea in the trial court nor appealed from any denial of such a motion, his argument may not be considered. State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported.
Even if this court could do so, the following observations in Cook, supra, at 412-413 render appellants argument unpersuasive:
 [In State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, w]e held that "[e]xcept with regard to constitutional protections against ex post facto laws * * * felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation."
(Emphasis added.) Id., 37 Ohio St.3d at 281-282, 525 N.E.2d at 808.
 * * * As to the dissemination of information regarding the offender's status, a conviction has always been public record.
Therefore, appellant's eleventh assignment of error is overruled.
The judgment of the trial court that H.B. 180 is constitutional is affirmed. That portion of its order finding appellant to be a sexual predator pursuant to R.C. 2950.09(A) is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellee and appellant share equally in the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. andANNE T. KILBANE, J CONCUR
KENNETH A. ROCCO