Appellant Bret Owen Bernhardt timely appeals from the decision of the Lorain County Court of Common Pleas, which, after a hearing pursuant to Ohio's new sexual predator statute, R.C.2950.01 et seq., found appellant to be a sexual predator, as defined by the statute. We affirm.
On May 17, 1996, appellant pled guilty and was convicted of one count of rape and thirteen counts of gross sexual imposition, involving acts perpetrated over a course of five years against two children. For these offenses appellant was sentenced to twenty years in jail. On January 1, 1997, Ohio's new law dealing with the post-incarceration treatment of sexual offenders and so-called sexual predators took effect. R.C. 2950.01 et seq. The new law requires that the trial court hold a hearing for the nonviolent sexual offender to determine if the offender may be classified as a sexually oriented offender, an habitual sexual offender or a sexual predator (a person likely to commit future sexual crimes). Upon release from prison, any offender categorized as a sexually oriented offender, an habitual sexual offender or sexual predator is obligated periodically to register their home address and other information with the local sheriff, for periods of ten years, twenty years, and for life, respectively. Failure to register constitutes a felony. On April 21, 1997, at his sexual offender hearing, appellant asked the Lorain County Court of Common Pleas to find the statute unconstitutional as an ex post facto law as it applies to him, since appellant would not have had to register under the former sexual predator statute. The court declined to do so and found that appellant was a sexual predator as defined by the statute.
Appellant asserts one assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO FIND AND HOLD THAT OHIO REVISED CODE § 2950.01 ET SEQ. IS UNCONSTITUTIONAL AS APPLIED TO DEFENDANT AS A RETROACTIVE, EX POST FACT (SIC) LAW AND THEREFORE IN FINDING DEFENDANT A SEXUAL PREDATOR
Appellant asserts that the new sexual predator statute, which became effective after his conviction, violates the Ex Post Facto
Clause of Section 10, Article I of the United States Constitution and the Retroactivity Clause of Section 28, Article II of the Ohio Constitution. The Ohio Supreme Court has held that R.C.2950.09(B)(1) does not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution. State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus.
The Court looked at the constitutionality of R.C. 2950 in its entirety, and concluded that the statute does not violate Section 10, Article I of the United States Constitution nor Section 28, Article II of the Ohio Constitution. Quoting its decision inState ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, 281, the Court held that a statute will not be considered prohibitively retroactive and thus "will not burden or attach a new disability to a past transaction or consideration in a constitutional sense, unless the past transaction * * * created at least a reasonable expectation of finality." Cook, 83 Ohio St.3d at 412. As it so concluded in Matz, the Court reiterated, "[F]elons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." Cook,83 Ohio St.3d at 412, quoting Matz, 37 Ohio St.3d at 281-282. The Court concluded that R.C. 2950 is not punitive in its intent, but is rather remedial, making public certain information about convicted sexual offenders in order that the public may take steps to protect themselves. The court likened the statute to other laws which use "past events to establish current status," including, for example, laws prohibiting convicted child abusers from working with children. Id.
The fact that appellant may not have been held to strict registration and reporting requirements under the prior version of R.C. 2950 et seq. is not sufficient to render the new statute impermissibly violative of the Ex Post Facto Clause of the United States Constitution or of the Retroactivity Clause of the Ohio Constitution. Appellant's assignment of error is not well taken and the judgment is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
 FOR THE COURT
CARR. J.
QUILLIN, J.
CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)