Defendant-appellant, Loren H. Lambert, appeals from a judgment of the Franklin County Common Pleas Court finding him to be a sexual predator pursuant to R.C. 2950.09.
In June of 1984, appellant pleaded guilty to four counts of rape, in violation of R.C. 2907.02, one count of felonious assault, in violation of R.C. 2903.11, and one count of aggravated robbery, in violation of R.C. 2911.01. He was sentenced to an aggregate term of thirteen to sixty-five years in prison as a result of those guilty pleas.
Following the January 1, 1997 effective date of R.C. Chapter 2950 and pursuant to the provisions set forth there, the Department of Rehabilitation and Corrections recommended that defendant be brought before the trial court for a determination of whether defendant is a sexual predator. R.C. 2950.09(C)(1). Defendant made various pre-hearing constitutional challenges to applying the statute to him. The trial court rejected defendant's arguments, held a hearing, and determined by clear and convincing evidence that defendant is a sexual predator.
Defendant appeals, assigning the following errors:
 1. THE JUDGMENT ENTRY, FILED APRIL 6, 1998, CONTAINS THE DUTIES OF REGISTRATION AND NOTIFICATION PURSUANT TO AMENDED R.C. § 2950 ET SEQ., VIOLATES THE PLEA AGREEMENT AND VITIATES THE PLEA ON THE GROUNDS THAT IT WAS NOT MADE KNOWINGLY AND INTELLIGENTLY WITH FULL KNOWLEDGE OF THE CONSEQUENCES.
 2. THE DUTY TO REGISTER AND THE NOTIFICATION PROCEDURES OF R.C. § 2950, ET SEQ., ARE UNCONSTITUTIONAL, FACIALLY AND AS APPLIED TO THE APPELLANT, UNDER BOTH THE UNITED STATES AND THE OHIO CONSTITUTIONS.
Defendants first assignment of error asserts his guilty plea was not made knowingly and intelligently because defendant was unaware of the additional consequence that he potentially could be adjudicated a sexual predator.
A guilty plea not voluntarily and intelligently entered violates a defendant's constitutional due process rights and must be vacated. State v. Ballard (1981), 66 Ohio St.2d 473,478-479. Accordingly, Crim.R. 11 requires that the trial court address the defendant personally and determine that he or she is making the plea voluntarily, understands the nature of the charges, the maximum penalty, the effect of the plea, and understands that by the plea defendant is waiving certain constitutional rights. Crim.R. 11(C)(2). State v. Stewart
(1977), 51 Ohio St.2d 86; State v. Flint (1986), 36 Ohio App.3d 4. Though adherence to the rule does not require rote recitation, a court must inquire into a defendant's knowledge of the consequences of a plea. State v. Wilson (1978), 55 Ohio App.2d 64; State v. Hardgrow (Jan. 28, 1999), Franklin App. No. 98AP-514, unreported (1999 Opinions 71). Thus, a defendant must be informed of the direct consequences, but not the collateral consequences, of a plea. Brady v. United States (1970),397 U.S. 742, 755. Direct consequences are those that have a "definite, immediate and automatic effect upon punishment."Id.; State v. Qualls (Mar. 4, 1999), Cuyahoga App. No. 72793, unreported.
Because the new requirements of R.C. Chapter 2950 do not constitute punishment, but are remedial, they are merely collateral. Qualls, supra; State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported; State v. Condron (Mar. 27, 1998), Montgomery App. No. 16430, unreported; State v.Kenney (May 22, 1998), Hamilton App. No. C-970443, unreported;State v. Hiles (Dec. 24, 1998), Delaware App. No. 98CAA04023, unreported. Moreover, the new requirements of the statue are neither definite nor immediate. See Brady, supra. Rather, they are imposed after a hearing, and only after the state has proved defendant to be a sexual predator by clear and convincing evidence. R.C. 2950.09(C)(2); Qualls, supra. Because the consequences are collateral, the trial court was under no obligation to inform defendant of them; the new requirements do not render defendant's plea less than voluntary and intelligent.
Moreover, defendant has "no reasonable right to expect that [his] conduct will never thereafter be made the subject of legislation." State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279,282. Using that rationale, other courts of appeals have found that guilty pleas entered into before the sexual predator provisions went into effect do not violate a defendant's due process rights or Crim.R. 11, even though defendants were not and could not be notified at the time of the plea of such unknown future consequences. See State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported; cf. State v. Goodballet
(Mar. 30, 1999), Columbiana App. No. 98-CO-15, unreported. While defendant correctly notes that Matz contains an exception "with regard to constitutional protections against ex postfacto laws," Matz, supra, at 281-282, the provisions of R.C. Chapter 2950 do not violate the constitutional prohibitions against ex post facto laws. State v. Cook (1998), 83 Ohio St.3d 404,414-423.
Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error asserts that R.C. Chapter 2950 is unconstitutional for numerous reasons. Defendant initially contends that the statute is an ex postfacto law in violation of the Ohio and United States Constitutions. The Ohio Supreme Court in Cook rejected that argument, finding the provisions at issue are not punitive, but rather serve the remedial purpose of protecting the public. Similarly, defendant contends the provisions violate the prohibition against retroactive laws found in Section 28, Article II, Ohio Constitution. In Cook, however, the Supreme Court found that the registration, verification, and notification provisions of R.C. 2950 et seq. do not violate the Ohio constitutional prohibition against retroactive laws.
Defendant next contends the hearing to determine sexual predator status constitutes double jeopardy, in violation of the United States and Ohio Constitutions. The same argument was considered and rejected in State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported (1998 Opinions 4551).
Defendant also asserts that the sexual predator provisions violate the Eighth Amendments prohibition against cruel and unusual punishment. The provisions previously have been found remedial, not punitive in nature. Cook, supra, at 423. Because the provisions are not punishment, they are not cruel and unusual punishment under the Eighth Amendment. See, also, Statev. Steckman (Feb. 9, 1999), Lorain App. No. 97CA006996, unreported; State v. Tuttle (Feb. 25, 1999), Cuyahoga App. No. 73042, unreported; Condron, supra.
Finally, defendant argues that the provisions are unconstitutionally vague in violation of the Fifth andFourteenth Amendments to the United States Constitution, failing to provide guidance to courts that are called upon to determine the sexual predator status of an offender and to allocate the burden of proof. The same argument was considered and rejected in State v. Chappell (Feb. 24, 1998), Franklin App. No. 97APA04-543, unreported (1998 Opinions 357).
Defendant's second assignment of error is overruled.
Having overruled both of defendant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.