OPINION
Defendant-appellant William Casper appeals from the trial court order that found him to be a sexual predator pursuant to R.C.2950.09(A).
Appellant challenges the order on several constitutional grounds and also on procedural grounds. Although this court rejects appellant's constitutional arguments, his argument that the trial court's order is procedurally improper has merit; therefore, the judgment is affirmed in part and reversed in part.
The record reflects appellant originally was indicted in December, 1973 with a co-defendant, Carmine Falso. The case was assigned number CR-11836.[1] In the indictment, the two men were charged with two counts of abduction for immoral purposes, R.C. 2901.31, and two counts of rape, R.C. 2905.01, relating to two separate female victims. After entering his plea of not guilty to the charges, appellant was released on a $5000 bond.
In February, 1974 appellant entered into a plea bargain with the state whereby he agreed to enter a plea of guilty to two counts of aggravated assault, R.C. 2901.241, in exchange for the dismissal against him of counts one and three. The trial court accepted appellant's plea, referred him to the probation department for a pre-sentence investigation and report, and continued appellant's bond.
On April 15, 1974 the trial court sentenced appellant on the two counts to concurrent terms of incarceration of one to five years.
In May, 1974 appellant was indicted in Case No. CR-13470[2]
on two counts of rape, R.C. 2907.02, that were alleged to have occurred on April 5, 1974, just ten days prior to appellant's sentencing in the first case. Both counts related to one female victim. Appellant was returned from prison for the arraignment, at which he entered a plea of not guilty to the charges.
On June 6, 1974 appellant entered into a plea bargain with the state whereby he agreed to enter a plea of guilty to an indictment that was amended to one count of gross sexual imposition, R.C. 2907.05. The trial court accepted appellant's plea and then referred appellant to both the probation department and the court's psychiatric clinic for reports. Thereafter, on October 10, 1974, the trial court sentenced appellant to a term of incarceration of eighteen months to five years, to be served concurrently with the sentence imposed in CR-11836.
In October, 1977, apparently after having been released from the sentences imposed in the first two cases, appellant was indicted in Case No. CR-35494[3] on six counts as follows: one count of kidnapping, R.C. 2905.01; two counts of gross sexual imposition, R.C. 2907.05; and three counts of rape, R.C. 2907.02. All six counts related to the same victim and set forth the date of the offense as October 8, 1977. The record indicates that after appellant entered a plea of not guilty to the charges, he was released on a bond of $5000.00.
In March, 1978 appellant was indicted in Case No. CR-37655[4]
for offenses that were alleged to have occurred while the charges in CR-35494 were pending, viz., February 12, 1978. In CR-37655, appellant was charged with five counts as follows: one count of kidnapping, R.C. 2905.01; one count of gross sexual imposition, R.C. 2907.05; and three counts of rape, R.C. 2907.01. All of the charges related to one female victim.
Appellant's two cases were assigned to the same trial court; therefore, they were consolidated for purposes of hearings and dispositions. The record reflects that on May 8, 1978 appellant filed a motion in the two cases that was supported by a recommendation by the court's psychiatric clinic that he be referred to the hospital for an "Electroencephalogram examination." The trial court granted the motion.
On June 11, 1978 the trial court held a plea hearing, at which appellant "adopt[ed the] findings and conclusions of [the] Psychiatric Clinic pursuant to [the] letter of Dr. Stewart Younger, M.D. dated March 31, 1978 and May 4, 1978." The journal entries of the hearing indicate appellant agreed to enter new pleas in both CR-35494 and CR-37655; in exchange for a plea of guilty to one count of kidnapping and one count of rape in each case, the state would dismiss all of the remaining counts.[5]
The trial court accepted appellant's pleas and referred him to both the probation department for a pre-sentence investigation and report and the court psychiatric clinic "for examination."
Thereafter, on August 7, 1978 appellant's cases were called for sentencing. In its journal entry of sentence, the trial court stated appellant "adopt[ed] the findings and conclusions" of the psychiatric clinic's evaluation of him. The trial court thereupon sentenced appellant to concurrent terms of incarceration of four to twenty-five years on each count in each case, to be served concurrently to each other. However, the trial court ordered appellant's sentences suspended and ordered appellant "committed to the Department of Mental Health and Retardation, Lima, Ohio for an indefinite period, until released from said Institution, pursuant to R.C. 2947.25."
Subsequently, on November 8, 1978 the trial court issued a journal entry noting that since appellant "cannot be committed to the Lima State Hospital," appellant's sentence was ordered into execution.
In June, 1998 the trial court ordered a hearing pursuant to Amended Substitute House Bill 180 ("H.B. 180") to determine whether appellant was a "sexual predator"; the journal entry appears in all four of appellant's cases. Appellant appeared at the hearing, which was conducted on July 1, 1998, with assigned counsel.
At the hearing, appellant's defense counsel raised constitutional challenges to the proceeding. Counsel also moved the trial court to refer appellant to the psychiatric clinic. As the basis for his motion, counsel stated that appellant "had some three years of programs [while incarcerated] for sexually oriented offenses, and they concluded down there that he is not likely to commit it (sic) again."
The trial court rejected both appellant's constitutional challenges and his motion for a psychiatric referral, then requested the prosecuting attorney to "put on the record the factors in this case[.]" (Emphasis added.)
The prosecutor proceeded as follows:
MR. VALENTINE: Yes, your Honor.
 Your Honor, I have been able to review the facts of two of these cases, which are the two most recent cases, that being 35494; and 37655. I would note, initially though, those cases took place in the late 1977 and early 1978, but even before that, according to the defendant's rap sheet from the FBI, in December of 1973 he was charged with two cases of abduction for immoral purposes, and out of that grew two rape charges. He was convicted in April of 1974 for rape. He was convicted also in May of 1974 for rape. Apparently, was sent to prison.
 THE COURT: Has he been in prison ever since then?
 MR. VALENTINE: No, your Honor. He also, he was convicted in October of 1974 of gross sexual imposition. I'm not sure. I would suspect he was not out of prison in between, but at some point prior to October of 1977 he evidently got out of prison and that's when these next two cases took place.
 In 35494, we have an incident that took place on October 8, 1977. A young woman was hitchhiking to work downtown on a rainy day because she missed her bus. The defendant came along, asked what the problem was and offered her a ride downtown. Instead of taking her to downtown, he took her to a parking lot. He forced her to perform oral sex upon him. He threatened her. He inserted his finger in her vagina and her anus and he raped her. He also during — prior to doing some of this, he was informed by the victim that she was, in fact, pregnant, he proceeded to do this anyway.
 And he also in the process of doing this during some conversation with her told her that he had been on speed for the last four days and was horny. That's when he was doing this. He eventually dropped her off downtown.
 THE COURT: I take it she was an adult, not under 18?
MR. VALENTINE: That is correct, your Honor.
 And he was arrested eleven days later on October 19th. He apparently made bond because on February 12th of 1978 the incident that led to case number 37655 took place.
 A female, adult female was walking down the street on the west side. Once again, both of these incidents took place on the near west side. The defendant stopped the car, presented a gun, threatened her with it,
got her into his car. Once again, he took her to a parking lot, forced her to perform oral sex. A car pulled in behind him, which made him nervous, so he drove off with her still in the car, went to a different location, demanded more oral sex. There was a vaginal rape, then anal rape, then another vaginal rape. And then he dropped her off.
 She described during this incident he had liquor on his breath, and he was subsequently arrested on this incident also.
 The October incident led to one count of kidnapping, two counts of gross sexual imposition, and three counts of rape. He entered pleas of guilty to kidnapping, including the language about failing to release the victim in safe place unharmed. He also pled guilty to rape.
 He also pled guilty in case 37655 where he was charged with kidnapping, GSI and three counts of rape.
* * *
 In this case he also pled to kidnapping with failing to release the victim in safe place unharmed and rape. So he was sentenced on two kidnappings and two rapes. And my understanding, he has been in prison ever since.
 Your Honor, in this case we have a defendant who meets a variety of the factors that we would suggest the Court should consider in making the decision as to whether he's a sexual predator who is likely to do this type of thing in the future. We have multiple victims who are essentially strangers snatched off the street by this individual. He brutally raped them repeatedly. He threatened them on the second occasion with a gun. On both occasions he was under the influence of a mind-altering substance. First instance apparently speed or amphetamines, second case apparently alcohol of some kind.
 Besides kidnapping strangers off the street in these cases, we have prior incidents that he went to prison and had gotten out and still did these two incidents. So evidently going to prison briefly did not prevent him from doing it again or discouraged (sic) him.
(Emphasis added.)
During the ensuing discussion of the prosecutor's comments, defense counsel indicated a portion of the prosecutor's recitation was in error. Initially, counsel stated appellant served a term of "eleven and a half years, was paroled in `89 (sic) briefly, did not catch another case, he just continued to have a drinking problem, so they sent him back for a technical [parole] violation." Counsel further stated that in committing the offenses, "there was never [an] allegation [appellant] had a gun."
The trial court permitted appellant to make some statements, then announced, "* * * [M]y understanding is this Court has very little choice than to classify [appellant] as [a] sexual predator." Its subsequent journal entry is to the same effect since it pronounces, "The defendant is automatically classified
as a sexual predator pursuant to R.C. 2950.09(A)." (Emphasis added.)
Appellant filed his appeal from the foregoing order. He presents thirteen assignments of error through appointed counsel and presents an additional five assignments of error pro se.
Appellant's assignments of error will be combined where appropriate; thus, the following are addressed together:
 I. APPELLANT'S GUILTY PLEAS ENTERED IN CASE NUMBERS CR013470, CR011836, CR037655 AND CR035494 WERE NOT ENTERED KNOWINGLY AND VOLUNTARILY IN VIOLATION OF RULE 11 OF THE OHIO RULES OF CRIMINAL PROCEDURE, WHERE APPELLANT WAS NOT FULLY INFORMED OF THE CONSEQUENCES OF HIS PLEAS PRIOR TO ENTERING THEM.
 II. APPELLANT'S GUILTY PLEAS ENTERED IN CASE NUMBERS CR013470, CR011836, CR037655 AND CR035494 WERE NOT ENTERED KNOWINGLY AND VOLUNTARILY IN VIOLATION OF THE DUE PROCESS CLAUSE OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, WHERE APPELLANT WAS NOT FULLY INFORMED OF THE CONSEQUENCES OF HIS PLEAS PRIOR TO ENTERING THEM.
Appellant argues he would not have pleaded guilty to the offenses if he had known the possible consequences included a lifelong requirement that he register his whereabouts with law enforcement officials who are obligated to notify his neighbors and others that he is a sexual predator. Appellant contends this causes his plea to be invalid.
Since, however, appellant neither filed a motion to withdraw his plea in the trial court nor appealed from any denial of such a motion, his argument may not be considered. State v. Kimble
(Feb. 4, 1998), Lorain App. No. 97CA006730, unreported.
Even if this court could do so, the following observations inState v. Cook(1998), 83 Ohio St.3d 404, at 412-413 render appellant's argument unpersuasive:
 [In State ex rel. Matz v. Brown(1988), 37 Ohio St.3d 279, w]e held that "[e]xcept with regard to constitutional protections against ex post facto laws * * * felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation."
(Emphasis added.) Id., 37 Ohio St. 3d at 281-282, 525 N.E.2d at 808.
* * *
 As to the dissemination of information regarding the offender's status, a conviction has always been public record.
Accordingly, appellant's first and second assignments of error are overruled.
Appellant's third assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR A PSYCHIATRIC EVALUATION WHERE APPELLANT ALLEGED A MENTAL ILLNESS OR MENTAL DISABILITY AT THE TIME OF HIS SEXUALLY ORIENTED OFFENSES, THEREBY DEPRIVING APPELLANT THE OPPORTUNITY (SIC) TO PRESENT EVIDENCE UNDER R.C. § 2950.09(B)(1) AND (B)(2) AS PERMITTED BY R.C. § 2950.09(C)(2).
R.C. 2950.09(B)(1) provides, in relevant part:
 At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
Appellant contends that the trial court's denial of his motion seeking a referral to the court's psychiatric clinic for the purpose of presenting a defense to his classification as a sexual predator constitutes error.
R.C. 2950.09(B)(1) expressly provides both the defendant and the state with an opportunity to present expert witnesses. Moreover, there is statutory authority for providing an expert at the state's expense in R.C. 2929.024, which applies to indigent defendants in capital cases. The Ohio Supreme Court's treatment of R.C. 2929.024 is instructive in addressing appellant's argument. See State v. Weeks(1989), 64 Ohio App.3d 595.
In State v. Gumm(1995), 73 Ohio St.3d 413, the appellant received court-appointed funds for a mitigation psychologist; however, appellant argued that he should have been appointed funds for a "mitigation specialist." The court responded:
 An indigent defendant who seeks state-funded expert assistance bears the burden of establishing a reasonable necessity for such assistance, and "undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate." State v. Sowell(1991), 73 Ohio App.3d 672, 681, 598 N.E.2d 136, 142, quoting State v. Scott
(1987), 41 Ohio App.3d 313, 315, 535 N.E.2d 379, 382.
Gumm at 428. (Emphasis added.) The court thus concluded that appellant was not constitutionally required to receive a "mitigation specialist." Gumm at 428.
Additionally, the court made a similar pronouncement in Statev. Esparza(1988), 39 Ohio St.3d 8, at the syllabus:
 A court, when requested by a defendant to order a presentence investigation or to appoint a psychologist or psychiatrist to conduct a mental examination pursuant to R.C. 2929.03(D)(1) and 2947.06, is not required by the Constitution or the provisions of R.C. 2929.024 to appoint a psychiatrist or psychologist of the defendant's own choosing. Rather additional expert services must be provided to an indigent defendant only if the court determines, within its sound discretion, that such services "are reasonably necessary for the proper representation of a defendant" at the sentencing hearing, pursuant to R.C. 2929.024. (Emphasis added.)
See, also, Weeks at 598 (applying factors used by trial court in cases involving application of R.C. 2929.024 as a guide to evaluating whether expert should be appointed for indigent defendant in noncapital cases).
This court recognizes that both Gumm and Esperaza address the appointment of experts for sentencing hearings and also that the Ohio Supreme Court held in Cook, supra, at 425, that "a sexual predator determination hearing is similar to sentencing or probation hearings." Thus, the referral to obtain an expert opinion for appellant for a sexual predator determination hearing is analogous to the appointment of an expert for a sentencing hearing.
Appellant's motion sought to have the court authorize the expense of a court-ordered psychiatric evaluation; however, appellant failed to offer sufficient evidence that the court's expert was "reasonably necessary" to properly represent appellant. Although appellant stated to the trial court other evaluators had indicated appellant's recidivism risk was low, appellant did not indicate the testimony of these witnesses was unavailable to him. The Weeks court recognized that:
 * * * [a]t a minimum, the indigent defendant must present the trial judge with sufficient facts with which the court can base a decision. * * * Undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate.(Citations omitted.) Scott, supra [at 41.]
Weeks at 598. (Emphasis added.)
Since appellant failed to provide sufficient facts to support his contention that a court-ordered psychiatric evaluation was necessary to his defense, the trial court did not err when it denied appellant's motion.
Accordingly, appellant's third assignment of error is overruled.
Appellant's fourth, sixth, seventh, eighth, ninth, tenth, twelfth and thirteenth assignments of error, and his sixteenth and seventeenth assignments, which are presented pro se, also are addressed together as follows:
 IV. THE SEXUAL PREDATOR DETERMINATION HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS, WHERE THE HEARING FAILED TO COMPORT WITH THE MANDATES OF R.C. § 2950(B)(1) (SIC).
 VI. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATED APPELLANT'S RIGHT TO EQUAL PROTECTION UNDER THE LAW, GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 VII. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VIII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 IX. H.B. 180 AS APPLIED TO APPELLANT VIOLATES ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION, AS RETROACTIVE LEGISLATION.
 X. H.B. 180, AS APPLIED TO APPELLANT, PLACED APPELLANT IN DOUBLE JEOPARDY IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 XII. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 XIII. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
 XVI. OHIO REVISED CODE § 2950.09 IS DISCRIMINATORY AS APPLIED TO TECHNICAL PAROLE VIOLATORS, WHO HAVE ALREADY BEEN RELEASED FROM A STATE CORRECTIONAL INSTITUTION BEFORE ITS EFFECTIVE DATE, AND THEREFORE SHOULD NOT BE APPLIED TO APPELLANT.
 XVII. THE STATE OF OHIO CANNOT RETROACTIVELY APPLY NEW LAWS TO OLD CASES WHICH GO BACK FURTHER IN TIME THAN THE STATE'S OWN RECORDS.
The above assignments of error all present arguments that have been addressed and rejected by the Ohio Supreme Court in State v.Cook, supra, and by this court in State v. Ward(Jan. 28, 1999), Cuyahoga App. No. 73271, unreported.[6]
Appellant's eleventh assignment of error states:
 THE TRIAL COURT'S DETERMINATION THAT APPELLANT IS A "SEXUAL PREDATOR" IS BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL.
Appellant argues his subsequent "prosecution" as a sexual predator is precluded by the doctrine of collateral estoppel. Appellant's argument is not persuasive for two reasons.
First, a sexual predator hearing held pursuant to R.C. 2950.09
is not a "prosecution"; rather, it is a classificatory proceeding designed to identify those persons who might pose a danger to certain other members of society. State v. Cook, supra.
Second, appellant cannot "demonstrate that the issue he seeks to foreclose was actually decided in the first proceeding."Dowling v. United States(1990), 493 U.S. 342, at 350-351. Since the issue of appellant's status as a "sexual predator," as that term is defined in R.C. 2950.01(E), was neither litigated nor decided in appellant's earlier prosecutions, the doctrine of collateral estoppel has no application in this case.
Accordingly, appellant's eleventh assignment of error also is overruled.
Appellant's fourteenth assignment of error, presented pro se,
states:
 APPELLANT CANNOT BE "AUTOMATICALLY" ADJUDICATED AS A SEXUAL PREDATOR PURSUANT TO OHIO REVISED CODE § 2950.09 (A), BECAUSE THAT SECTION IS ONLY APPLICABLE TO THOSE WHO COMMITTED THEIR OFFENSE AFTER JANUARY 1, 1997, AND APPELLANT HAS NOT BEEN CONVICTED OF A SEXUALLY ORIENTED OFFENSE IN OVER TWENTY (20) YEARS.
Appellant argues the trial court's judgment entry is flawed as a matter of law. Appellant is correct.
The judgment entry states appellant is classified as a sexual predator pursuant to R.C. 2950.09(A). A review of that section of the statute, however, reveals it is totally inapplicable to a case such as appellant's. Rather, it applies only in those cases in which a "sexually violent predator specification" was included in the indictment, the defendant "is convicted of or pleads guilty to" a sexually violent offense, and the conviction or plea occurred "on or after" January 1, 1997.
Since appellant's pleas occurred approximately twenty years ago, the trial court's judgment entry classifying appellant as a sexual predator pursuant to R.C. 2950.09(A) is improper and, therefore, must be reversed.
Accordingly, appellant's fourteenth assignment of error is sustained.
Appellant's fifth assignment of error and his fifteenth, which is presented pro se, are addressed together as follows:
 V. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 XV. APPELLANT CANNOT BE ADJUDICATED AS A SEXUAL PREDATOR, OR BE PUT INTO ANY CLASSIFICATION TIER FOR SEXUALLY ORIENTED OFFENDERS, BASED ON OFFENSES HE HAS NEVER BEEN CONVICTED OF, OR PLEAD (SIC) GUILTY TO.
In these assignments of error, appellant essentially asserts that the evidence presented by the prosecutor was inadequate; therefore, the trial court's determination that appellant is a sexual predator lacks a proper basis. Appellant's assertion is persuasive in view of what transpired at the hearing in this case.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant's convictions for rape qualify as "sexually oriented offenses" pursuant to R.C.2950.01(D); however, the second prong of the definition also must be satisfied by clear and convincing evidence. R.C. 2950.09(B) (3).
In making a determination as to whether an offender is a sexual predator, therefore, the trial judge must consider all relevant factors, including, but not limited to, the factors listed in R.C. 2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record
regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability
of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
(Emphasis added.)
R.C. 2950.09(B)(2) does not require that each factor be met; however, it does require the trial court consider those factors that are relevant. See, e.g., State v. Tracy(May 20, 1998), Summit App. No. 18623, unreported.
The standard of "clear and convincing evidence" is the measure or degree of proof that is more than a mere "preponderance of the evidence" but not to the extent of such certainty as is required "beyond a reasonable doubt" in most criminal cases. State v.Schiebel(1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof that produces in the mind of the trier of facts a firm belief or conviction as to the fact sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient and reliable evidence exists to satisfy the requisite degree of proof. Id.
In this case, the trial court was presented with abundant evidence to support the first prong of R.C. 2950.01(E)'s definition of sexual predator. However, although appellant had a number of convictions for sexual offenses, it is troubling to note that the trial court was provided with some facts concerning those convictions that were inaccurately stated from sources which remained anonymous.
A review of the prosecutor's statements in this case reveals he misreported not only some of the circumstances surrounding appellant's offenses but also the actual offenses to which appellant entered a plea. Additionally, the prosecutor acknowledged he was not fully informed about appellant's case. Finally, although the prosecutor gave a long and descriptive account of the details of appellant's most recent cases, there was no indication of where the information he presented originated; hence, there was no basis upon which to judge its reliability. Cf., State v. Cook, supra. Indeed, in view of the lack of a gun specification in CR-37655, appellant's statements disputing that portion of the recitation, and the prosecutor's failure to rebut appellant's statements, the reliability of the information presented to the trial court obviously was suspect.
Moreover, a review of the trial court's comments during the hearing reveals it neither had an independent recollection of the facts of appellant's case nor was prepared to fulfill its role in the proceedings by thoroughly considering the quality of the evidence pertaining to the determination it was required to make.
The trial court first relinquished its prerogative by requesting the prosecutor to set forth the "factors" which applied to appellant. Secondly, the trial court did not require the prosecutor to state for the record what sources he was consulting when reciting the "facts" of appellant's cases. Additionally, the trial court gave no weight to either appellant's counsel's statement that certain evaluators at the penitentiary had concluded appellant was not likely to commit his offenses again or to appellant's assertions that he had both received counseling for and overcome the substance-abuse problems that had precipitated the incidents of twenty years ago.[7] The trial court further indicated it could simply disregard the factors set forth in R.C. 2950.09(B)(2) if it chose to do so. Finally, the trial court declared in its journal entry that appellant was to be "automatically classified" pursuant to R.C.2950.09(A), a section clearly inapplicable to appellant.
Under these circumstances, inadequate evidence was presented to prove appellant "is likely to engage in the future in one or more sexually oriented offenses," as required by R.C. 2950.01(E) and R.C. 2950.09(C). State v. Patterson(Feb. 11, 1999), Cuyahoga App. No. 72455, unreported.
In Cook, the supreme court indicated there may be sufficient evidence in the trial transcripts, victim statements, and/or presentence reports relating to the factors listed in R.C.2950.09(B)(2) to support the trial court's determination. The record fails to reveal trial court's determination in this case was so supported. Moreover, there are some cases where the use of expert testimony, whether such testimony is psychiatric, psychologic or criminologic, may be necessary to supplement the bare facts of a defendant's convictions. See, e.g., State v.Ward, supra; State v. Patterson, supra.
In a model sexual predator determination hearing, the prosecutor and defense counsel would take care to identify on the record those portions of the trial transcript, victim impact statements, pre-sentence report and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the second prong of R.C. 2950.01(E). Either side might present expert opinion by testimony or written report to assist the trial court in its determination when there is little information beyond the fact of the conviction itself. The trial court not only would then consider on the record the statutory factors themselves but, in addition, would discuss in some detail the particular evidence and factors upon which it relies in making its determination. Finally, it would include evidentiary materials in the record for purposes of any potential appeal. In this case, the sexual predator determination hearing fell far short of the foregoing model.
Without accuracy in the sexual predator determinations made by trial courts, however, society and its limited law enforcement resources risk being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law. This result could be tragic for many.
 For these reasons, in this court's view the following language in State v. Ward, supra must be emphasized:
 It is important to keep in mind that R.C. 2950.09 does not place limits on the factors a court may consider, but simply directs the court to consider "all relevant factors." Relevant information can come from many sources. In Cook, the Supreme Court stated, "reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Cook, 83 Ohio St.3d at 425. R.C. 2950.09(B)(1) permits either side to call witnesses and expert witnesses, and we see no reason, absent privilege or any other legal restraint on testimony, to limit who might testify on matters of fact and, assuming relevance, to what that testimony may entail.
(Emphasis added; citations omitted.)
Since, in contrast to the situation which existed in Cook, the trial court's determination in this case lacked an apparently adequate basis, appellant's fifth and fifteenth assignments of error are sustained.
Appellant's eighteenth assignment of error, presented pro se,
states:
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Appellant argues his counsel for the hearing was ineffective because he was inadequately prepared. This court does not agree.
The claim of ineffective assistance of counsel requires proof that "counsel's performance has fallen below an objective standard of reasonable representation" and, in addition, that prejudice arises from counsel's performance. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus; see,also, State v. Lytle(1976), 48 Ohio St.2d 391. The establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result * * * would have been different." State v. Bradley, supra, paragraph three of the syllabus.
The burden is on defendant to prove ineffectiveness of counsel.State v. Smith(1985). 17 Ohio St.3d 98. Trial counsel is strongly presumed to have rendered adequate assistance. Id.; see,also, Vaughn v. Maxwell(1965), 2 Ohio St.2d 299.
A review of the record fails to support appellant's argument; rather, it demonstrates appellant's counsel took time prior to the hearing to familiarize himself with both the facts of appellant's cases and with the application of the new statutory scheme to those facts. It further indicates counsel was an able and diligent advocate for his client in his discussions with the trial court.
Finally, in view of the trial court's pronouncement that it had "little choice" but to find appellant to be a sexual predator, it is clear counsel's efforts to influence the trial court's decision were doomed to failure before the hearing even commenced.
Since appellant can demonstrate neither that trial counsel's actions fell below an objective standard of reasonable representation nor that he was prejudiced by trial counsel's actions, appellant has failed to support his claim he was denied his constitutional right to effective assistance of counsel.
Accordingly, appellant's eighteenth assignment of error is overruled.
The judgment of the trial court that H.B. 180 is constitutional is affirmed. In view of this court's disposition of appellant's fifth, fourteenth and fifteenth assignments of error, however, that portion of the trial court's order finding appellant to be a sexual predator pursuant to R.C. 2950.09(A) is reversed.
This case is remanded to the trial court for further proceedings consistent with this opinion.
This cause is affirmed in part and reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE.
JOHN T. PATTON. P.J. and MICHAEL J CORRIGAN, J. concur.
[1] On appeal, this case was assigned App. No. 73062.
[2] On appeal, this case was assigned App. No. 73063.
[3] On appeal, this case was assigned App. No. 73061.
[4] On appeal, this case was assigned App. No. 73064.
[5] However, in reviewing the record, this court notes the entry in CR-35494 fails to mention the disposition of counts five and six.
[6] Since this court is bound by the decisions of the Ohio Supreme Court and by its own decisions, it does not find the reasoning of the Eleventh Appellate District as set forth inState v. Williams(Feb. 7, 1999), Lake App. No. 97-L-191, unreported, to be persuasive on the issue of the constitutionality of H.B. 180.
[7] From a review of the transcript of the hearing, it would appear the trial court easily could have ordered a continuance to permit appellant to obtain witnesses concerning psychological assessments made while he was incarcerated.